UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>TRAVIS SHANE BARNES,<br>    Defendant. | NO. **CR-15-2061-LRS-1**<br><br>**MEMORANDUM OPINION** |

From the bench in open court on December 9, 2015, the court delivered its ruling denying Defendant's Motion To Suppress. This memorandum opinion memorializes the court's alternative ruling based on the good faith exception to the exclusionary rule.

For forty years, it has been the law that a judicial determination of probable cause may not be based on a prosecutor's assessment of probable cause standing alone. *Gerstein v. Pugh*, 420 U.S. 103, 115, 95 S.Ct. 854 (1975). Accordingly, it is extremely difficult to fathom that a Yakima Municipal Court Judge would make a determination of probable cause based solely on a complaint presented by the prosecutor and without reviewing the citation giving rise to the complaint.

This court found Judge Woodard in the ordinary course of business would have reviewed Officer Boneck's citation containing his certification under oath that he had probable cause to believe Defendant committed a "Trip Permit Violation." The citation is sufficient to support a probable cause finding because it is "a document as provided in RCW 9A.72.085." CrRLJ 2.2(a)(2) and 2.1(b)(4).

**MEMORANDUM OPINION -      1**

In response to defense counsel's request for documents relied on by Judge Woodard in making her probable cause finding (Ex. K to ECF No. 29), it is unclear whether the municipal court clerk's officer supplied counsel with a copy of Officer Boneck's citation, although it appears counsel was supplied with a copy of the docket with the first entry from February 9, 2015, indicating receipt of the "eTicket 5Z0136491," consistent with the number on the citation issued by Officer Boneck (Ex. B to ECF No. 25).

Evidence "obtained in objectively reasonable reliance on a subsequently invalidated search warrant" can constitute a good faith exception to the exclusionary rule. *United States Leon*, 468 U.S. 897, 922 (1984). The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effects." *Leon*, 468 U.S. at 906. It is intended to deter future police misconduct, not to cure past violations of a defendant's rights. *Id*. The exclusionary rule should apply only where its deterrent effect outweighs its "substantial social costs." *Id*. at 907. Where "law enforcement officers have acted in objective good faith or their transgressions have been minor," the costs of the suppression of evidence on society and the judicial system compared to the magnitude of the benefit conferred on the guilty defendants "offends basic concepts of the criminal justice system." *Id*. at 908.

There are four circumstances in which the good faith exception does not apply: "(1) where the issuing [judge] has been knowingly misled; (2) where the issuing [judge] wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." *United States v. Galpin*, 720 F.3d 436, 452 (2nd Cir. 2013).

Before arresting Defendant, Officers Tovar and Cordova ascertained that Defendant was the subject of an active local warrant. They acted in objective good faith on their ascertainment that Defendant was subject to this warrant.

**MEMORANDUM OPINION -**     2

Therefore, suppression of the evidence in this instance would not deter future police misconduct. Moreover, the court is not persuaded that Judge Woodard was knowingly misled by the city prosecutor, that she wholly abandoned her judicial rule, or that the information presented to her was so lacking as to render unreasonable her probable cause determination.

Accordingly, if the bench warrant for Defendant's arrest was invalid, the good faith exception applies to preclude application of the exclusionary rule.

**DATED** this ___10th___ day of December, 2015.

                                      s/Lonny R. Suko
                                     LONNY R. SUKO
                         Senior United States District Judge

**MEMORANDUM OPINION -**     3