PROB 12C
(6/16)

Report Date: July 17, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Travis Shane Barnes | Case Number: 0980 1:15CR02061-LRS-1 |
| Address of Offender: | Washington 98903 |

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: August 25, 2016

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(e)(1) | |
| Original Sentence: | Prison - 41 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence: (August 15, 2019) | Prison - 4 months; TSR - 32 months | |
| Revocation Sentence: (June 11, 2020) | Prison - 82 days; TSR - 29 months | |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: June 15, 2020 |
| Defense Attorney: | Richard D. Wall | Date Supervision Expires: November 14, 2022 |

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number    Nature of Noncompliance

    1    **Standard Condition #2**: After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed.

        **Supporting Evidence**: Mr. Barnes is considered to be in violation of his conditions of supervised release by failing to report to the probation officer on July 9, 2020.

        Per COVID-19 procedures, Mr. Barnes' conditions of supervised release were verbally reviewed with him on June 25, 2020. He verbally acknowledged an understanding of his conditions, which includes standard condition number 2, as noted above.

        On July, 9, 2020, the undersigned officer left a voice mail for Mr. Barnes, instructing the offender to report by phone before the end of the day, which he failed to do. Contact was

Prob12C
Re: Barnes, Travis Shane
July 17, 2020
Page 2

    made with a relative of the offender, requesting assistance in providing the same reporting instructions. During follow up, the relative was unsure if the offender received the information, as Mr. Barnes had not responded or returned to his residence for an unknown amount of time. As of the writing of this report, Mr. Barnes' has failed to report and his current whereabouts is unknown.

2    **Standard Condition #5**: The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

    **Supporting Evidence**: Mr. Barnes is considered to be in violation of his conditions of supervised release by failing to live at a residence approved by the probation office as of July 9, 2020.

    Per COVID-19 procedures, Mr. Barnes' conditions of supervised release were verbally reviewed with him on June 25, 2020. He verbally acknowledged an understanding of his conditions, which includes standard condition number 5, as noted above.

    On July 9, 2020, the undersigned officer was informed Mr. Barnes had not returned home from his COVID-19 quarantine, which was a precaution taken to protect his mother. On this date, a relative reported Mr. Barnes' current residence as unknown. Follow up with Mr. Barnes' relative was made on July 14, 15, and 17, 2020, which confirmed the offender had not returned home. Attempts to locate Mr. Barnes have been unsuccessful. As of the writing of this report, Mr. Barnes' living arrangements are unknown to the probation office.

3    **Standard Condition #9**: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

    **Supporting Evidence**: Mr. Barnes is considered to be in violation of his conditions of supervised release by failing to report contact with law enforcement on June 25, and July 8, 2020.

    Per COVID-19 procedures, Mr. Barnes' conditions of supervised release were verbally reviewed with him on June 25, 2020. He verbally acknowledged an understanding of his conditions, which includes standard condition number 9, as noted above.

    According to Yakima County Sheriff's Office (YSO) narrative for case number 20C10263, on June 25, 2020, the offender was questioned as officers recovered a stolen vehicle at a residence in Union Gap, Washington. Mr. Barnes failed to report law enforcement contact.

    According to Yakima Police Department (YPD) narrative for case number 20Y025986, on July 8, 2020, Mr. Barnes was questioned by law enforcement as they investigated a hit and run accident, which he failed to report.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

Prob12C
**Re: Barnes, Travis Shane**
**July 17, 2020**
**Page 3**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 17, 2020

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[✓]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

July 20, 2020

Date